UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE:

LIANE BATEMAN,

    Creditor/Petitioner

v.	14 MC 042  JH

AMERICAN EXPRESS,

    Debtor/Respondent

### ORDER STRIKING FILINGS AND CLOSING CASE

**THIS MATTER** comes before the Court *sua sponte*, under the Court's authority pursuant to FEDERAL RULE OF CIVIL PROCEDURE 83(b) to "regulate practice in any manner consistent with federal law," and under the Court's inherent power to regulate and control its civil docket.  *See Stone v. I.N.S.*, 514 U.S. 386, 411 (1995)("[W]e have long recognized that courts have inherent power . . . to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (Internal quotation marks omitted).

On November 18, 2014, Gregory Molinar, who purports to be a "notary public," filed with the Court on behalf of Lianne Bateman a packet of documents attached to a document entitled "DECLARATION RE: JUDGMENT – NOTARIAL DECLARATION OF TRUTH" (ECF No. 1).  Mr. Molinar asserts that Ms. Bateman "asked [him] for the assistance of a Notary

Public to act as a Notary Witness to the presentation of CONDITIONAL ACCEPTANCE And REQUEST REGARDING STATEMENT OF ACCOUNT" as well as with the presentation of other documents.  *See* Declaration, ECF No. 1 at 2 of 17.  The documents are largely nonsensical, but apparently Mr. Molinar and Ms. Bateman are trying to challenge her Debt with American Express.

Mr. Molinar is not a lawyer and cannot represent Ms. Bateman.  Mr. Molinar, not Ms. Bateman, signed the Declaration.  Although Ms. Bateman's signature appears on exhibits attached to the Declaration, those are exhibits purportedly mailed previously to American Express and do not constitute the pleading itself.  It is thus does not appear that Ms. Bateman is prosecuting this action on behalf of herself.  The Court will therefore strike the filings.  *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their *own* cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.") (Italics added); Fed. R. Civ. P 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. . . .  The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others.") (Internal citations and quotations omitted).

Further, the Declaration does not fall into any category of pleadings allowed to be filed in this Court. *See* Fed. R. Civ. P. 7 (listing the types of pleadings that are allowed to be filed).  The

filings cannot be reasonably be construed as a complaint or other original proceeding of any type that a party may file in this Court. Neither Rule 55, which pertains to a default judgment, nor Rule 60, which applies to seeking relief from an existing order or judgment, permit the filing of the Declaration and attachments because no related complaint has been filed in this Court. And the Declaration points to no pre-existing cases or judgment in this Court between Ms. Bateman and American Express to which these documents may apply for execution or enforcing a judgment under Rules 69 or 70.

Although Mr. Molinar uses the words "Declaration Re: Judgment" in the title of the Notice, no transcript of judgment from any court signed by a judge is attached to the Declaration, and the federal statutes require presentment of a judge-signed, court-certified transcript of judgment for registration or authentication of a foreign judgment. *See* 28 U.S.C. § 1963 (law regarding "Registration of judgments for enforcement in other districts"); 28 U.S.C. § 1738 (law regarding "State and Territorial statutes and judicial proceedings; full faith and credit"). Even though Mr. Molinar apparently believes he can create a valid judgment by sending letters and filing affidavits and notices in various places, he is sadly mistaken.

In short, there is no basis for the filing of these nonsensical documents, and the Court will strike them and close the case.

**IT IS THEREFORE ORDERED** that the documents filed in this miscellaneous proceeding (**ECF No. 1**) are **STRICKEN** and the case is **CLOSED**.

_____
JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE